UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11266-RGK-PVC | Date | December 17, 2020 |
|---|---|---|---|
| Title | *Lusine Avsharyan v. AEGIS Security Insurance Company, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

On November 3, 2020, Lusine Avsharyan ("Plaintiff") filed a complaint against Aegis Security Insurance Company ("Defendant"), alleging breach of contract and breach of duty of good faith and fair dealing. The Complaint alleges that Defendant, who insures Plaintiff's property, failed to pay Plaintiff for the entirety of Plaintiff's insurance claim.

On December 11, 2020, Defendant removed the action to this Court based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

Here, the Court is not satisfied that Defendant has met its burden to show that the amount in controversy meets the jurisdictional requirement. The Notice only states that "the matter in controversy

UNITED STATES DISTRICT COURT       JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11266-RGK-PVC | Date | December 17, 2020 |
|---|---|---|---|
| Title | *Lusine Avsharyan v. AEGIS Security Insurance Company, et al.* | | |

exceeds the sum of $75,000, exclusive of interest and costs." (Notice of Removal at 3, ECF No. 1). Defendant offers no further explanation for this conclusory statement.

Because Defendant has failed to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

cc: LASC, Case No. 20STCV43244

                                                                                                 :
                                              Initials of Preparer             jre